# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS

PAMELA DESOMOV, aka PAMELA JOY DE SOMOV, aka PAM DE SOMOV, aka PAMELA DE SOMOV, aka PAMELA SOMOV, aka PAM DESOMOV, aka DEE SOMOV, aka DEE DE SOMOV, aka DEE DEE SOMOV, aka PAMELA SPENCER aka PAM SPENCER aka PAMELA JOY POLLACK,  aka PAM POLLACK, aka PAMELA JOY WESTERLINE, aka PAMELA WESTERLINE aka PAM WESTERLINE, aka LAURENT GELBART, aka LAURIE GELBART, aka LAUREN DECKER, aka JUANITA NANCY SIMS, aka JUANITA SIMS, aka NANCY SIMS, aka CHRIS DE SOMOV, aka CHRISTINE DE SOMOV, aka CHRISSY DE SOMOV, aka CHRISTOPHER DE SOMOV, aka NICKY DESOMOV, aka NICOLE DE SOMOV, aka NICHOLAS DE SOMOV, aka PAMELA WRIGHT, aka PAM WRIGHT, aka PAMELA SOMOV SPENCER, aka, PAMELA JOY SOMOV SPENCER, aka PAM SOMOV SPENCER

Plaintiff

VS

Julie Barnes and Margaret Sano

Defendants

**FILED**

June 29, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _Christian Rodriguez_

DEPUTY

Civil Action Number 1:25 CV 00717 RP DH

## DEFENDANT'S MOTION TO DISMISS UNDER THE TEXAS CITIZENS PARTICIPATION ACT

TO THE HONORABLE COURT:

Defendant **Julie Barnes and Margaret Sano** files this Motion to Dismiss under the Texas Citizens Participation Act (TCPA), Chapter 27 of the Texas Civil Practice and Remedies Code, and in support thereof respectfully shows the Court the following:

# I. INTRODUCTION

Plaintiff's claims arise from alleged defamation related to the contents of a website www.pameladesomov.com that redirects to https://scammerpam.tumblr.com/ that republishes or links to publicly available information. These claims are based on Defendant's exercise of the right of free speech in connection with a matter of public concern. Accordingly, this suit is subject to dismissal under the TCPA.

This case has been filed in the **wrong venue**, as Defendants reside in **New York**, and no substantial part of the events or omissions giving rise to the claim occurred in Texas. The Plaintiff lives in another district of Texas. Moreover, Plaintiff's claims are **barred by the statute of limitations**. Plaintiff already filed in the United States District Court for the Northern District and the case was dismissed for wrong venue.

---

# II. LEGAL STANDARD

The Texas Citizens Participation Act provides for the early dismissal of legal actions that are based on, relate to, or are in response to a party's exercise of the right of free speech. TEX. CIV. PRAC. & REM. CODE § 27.003(a). "Exercise of the right of free speech" includes a communication made in connection with a matter of public concern, such as criminal history, legal proceedings, or government activities. § 27.001(3)–(7).

---

# III. ARGUMENTS & AUTHORITIES

### A. The TCPA Applies to Plaintiff's Claims

Plaintiff alleges that Defendant published defamatory content online. However, the website at issue merely republishes or links to factual, publicly available material including:

- Arrest records from **Travis County Inmate Search**

- Mugshots from **Mugshots.com**

- Legal filings from **Unicourt**, **Trellis**, **Travis County Court** and **Los Angeles Superior Court**

These are records of governmental proceedings and matters of public concern. Communications about such topics are squarely within the protection of the TCPA.

**B. Plaintiff Cannot Establish a Prima Facie Case for Defamation**

To survive a TCPA motion, Plaintiff must present **clear and specific evidence** of each element of defamation:

1. A false statement of fact;

2. Published to a third party;

3. That caused harm; and

4. Made with actual malice (if Plaintiff is a public figure).


Here, Plaintiff cannot show that any statements were false. The materials republished on Defendant's website were drawn from **public records** and court proceedings. There is no allegation — nor evidence — that any of the underlying documents were falsified or altered.

Moreover, truthful or substantially true statements — particularly those drawn from official records — **cannot support a defamation claim as a matter of law**. TEX. CIV. PRAC. & REM. CODE § 73.002 (privilege for fair and true reporting of judicial proceedings).

**C. Dismissal is Required, and Defendant Is Entitled to Attorney's Fees**

Because Plaintiff cannot establish the necessary elements of her claims, the lawsuit must be dismissed. TEX. CIV. PRAC. & REM. CODE § 27.005(b), (c). Furthermore, under § 27.009, Defendant is entitled to **mandatory attorney's fees, court costs, and sanctions** sufficient to deter Plaintiff from filing similar suits.

---

# IV. PRAYER

WHEREFORE, Defendant respectfully requests that this Court:

1. **Grant this Motion to Dismiss** pursuant to the Texas Citizens Participation Act;

2. **Dismiss all claims** asserted by Plaintiff with prejudice;

3. **Restraining Order** against De Somov for Barnes and Sano including third party contact even Law Enforcement.

4. **Award Defendant, costs, and sanctions** as required by law; and

5. **Grant such other relief** to which Defendant may be justly entitled.

Respectfully submitted,

**Julie Barnes**
 Pro Se Defendant
 PO Box 470
 East Amherst, NY 14051
 juliescv@gmail.com
 (818) 331-0048

**Margaret Sano**
 Pro Se Defendant
 PO Box 470
 East Amherst, NY 14051
 sano425@yahoo.com
 (585) 643-9699

https://trellis.law/ruling/bc689550/pamela-de-somov-vs-back2health-rehab-services-inc-et-al/2021070746831

Case Number: BC689550   Hearing Date: February 08, 2021   Dept: 32

PLEASE NOTE: Parties who intend to submit on this tentative must send an email to the court at sscdept32@lacourt.org indicating intention to submit on the tentative as directed by the instructions provided on the court website at www.lacourt.org. If the department does not receive an email indicating the parties are submitting on the tentative and there are no appearances at the hearing, the motion may be placed off calendar. If a party submits on the tentative, the party's email must include the case number and must identify the party submitting on the tentative. If the parties do not submit on the tentative, they should arrange to appear in-person or remotely.

PLEASE NOTE:  BELOW ARE 2 TENTATIVE RULINGS

FIRST - TENTATIVE RULING

DEPTARTMENT

32

HEARING DATE

February 8, 2021

CASE NUMBER

BC689550

MOTION

Motions to Compel Discovery Responses – Form Interrogatories and Requests for Admission

MOVING PARTY

Defendant Irena Shut

OPPOSING PARTY

None

MOTIONS

Defendant and Cross-Complainant Irena Shut ("Defendant") moves to compel responses from Plaintiff and Cross-Defendant Pamela De Somov ("Plaintiff") to Form Interrogatories, set one ("FROG") and Requests for Admissions, set one ("RFA"). Defendant also moves for monetary sanctions against Plaintiff. Plaintiff has not filed oppositions to the Motions.

ANALYSIS

Defendant served the FROG on Plaintiff by email on July 3, 2020. Plaintiff's responses were thus due by August 4, 2020. As of the filing date of these motions, Defendant has not received responses from Plaintiff. Accordingly, the motion to compel responses to the FROG is granted per Code of Civil Procedure section 2030.290. Plaintiff is ordered to serve responses to Defendant's FROG, without objections, within 30 days of notice of this order.

Defendant also moves to compel Plaintiff to respond to the RFA. Where a party fails to respond to requests for admissions, the propounding party may move for an order that the genuineness of any documents and the truth of any matters specified in the requests be deemed admitted, as well as for a monetary sanction. (Code Civ. Proc., § 2033.280, subd. (b).) Accordingly, Defendant should have filed a motion to deem admitted matters specified in the RFA. The motion to compel Plaintiff to respond to the RFA is denied as procedurally defective.

Defendant seeks monetary sanctions against Plaintiff. The Court concludes that Plaintiff's failure to respond to the FROG is an abuse of the discovery process. Under Code of Civil Procedure section 2030.290, subdivision ©, the Court awards monetary sanctions against Plaintiff, in the amount of $810, which represents three hours of attorney time to prepare the motion to compel responses to the FROG and attend the hearing at $250 per hour, plus the filing fee.

CONCLUSION AND ORDER

Therefore, the Court grants Defendant's motion to compel responses to the FROG per Code of Civil Procedure section 2030.290. Plaintiff is ordered to serve verified responses, without objections, within 30 days of notice of this order. The Court further orders Plaintiff to pay monetary sanctions per

Code of Civil Procedure section 2030.290 in the amount of $810 to Defendant, by and through counsel, within 30 days of notice of this order.

Defendant is ordered to provide notice of this order and file proof of service of such.

SECOND - TENTATIVE RULING

DEPARTMENT

32

HEARING DATE

February 8, 2021

CASE NUMBER

BC689550

MOTIONS

(1) Issue/Evidence Sanctions & Additional Monetary Sanctions for Failing to Comply with Court Order

(2) Order Establishing Admissions & Monetary Sanctions

MOVING PARTY:

Defendant Back2Health Physical Therapy, Inc.

OPPOSING PARTY:

Plaintiff Pamela De Somov

MOTIONS

Defendant Back2Health Physical Therapy, Inc. ("Defendant") moves for issue and evidentiary sanctions and additional monetary sanctions against Plaintiff Pamela De Somov ("Plaintiff") for failing to comply with the Court's order of September 30. 2020. In addition, Defendant moves for an order deeming the matters in Requests for Admissions admitted and for monetary sanctions as Plaintiff failed to comply with the Court's order of September 30. 2020.

ANALYSIS

In its order of September 30, 2020, the Court ordered Plaintiff to serve further responses to Requests for Production Nos. 1 through 6 and Requests for Admissions, Set One that Defendant served on Plaintiff. The Court's clerk mailed notice to Plaintiff on the same date. Accordingly, Plaintiff had until November 4, 2020 to serve further responses in compliance with this Court's order. As of the filing date of the motions, Plaintiff had not served further responses to the discovery in compliance with the Court's order. After Defendant served these motions, Plaintiff served further

responses to the discovery requests. Although Plaintiff belatedly complied with the Court's order, the Court declines to impose issue and evidentiary sanctions and deems Defendant's motion for an order deeming the matters in Requests for Admissions admitted as moot.

Moreover, with respect to Defendant's requests for monetary sanctions in both motions, the Court finds that Plaintiff's failure to timely comply with this Court's order of September 30, 2020 was an abuse of the discovery process. (Code Civ. Proc., § 2023.010, subd. (g).) However, as set forth in the Declarations of Plaintiff and her counsel of record, Stacey R. Cutting, in opposition to the motions, the Court finds that the imposition of monetary sanctions would be unjust under the circumstances. (See Code Civ. Proc., § 2023.020, subd. (a).)

CONCLUSION AND ORDER

Accordingly, the Court denies Defendant's motions for Issue, Evidence and Additional Monetary sanctions, and deems Defendant's motion for an order deeming the matters in Requests for Admissions admitted as moot.

Defendant is ordered to provide notice of this order and file proof of service of such.

https://www.casemine.com/judgement/us/5914d78cadd7b04934870f5c

SID DICKENS, INC. Plaintiff, v. RODNEY F. DECKER, an indi
Dale S. Fischer

## JUDGMENT AND PERMANENT INJNUNCTION AGAINST PAMELA JOY POLLACK

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, and for good cause showing, JUDGMENT IS ENTERED AS FOLLOWS as to all claims asserted by SDI in this action against Defendant Pamela Joy Pollack (aka Pamela de Somov, Pamela Desomov, Pamela Somov, Pamela Joy Westerline, Laurent Gelbart, Lauren Decker and Jaunita Nancy Sims) (hereinafter referred to as "Pollack"):

1. This Court has jurisdiction over SDI and Pollack and of the subject matter of this action.

2. Venue is proper in this judicial district.

3. SDI is the owner of the following valid and enforceable United States Trademark Registrations:

| Registration No. | Mark | Goods |
|---|---|---|
| 3,573,161 | SID DICKENS | Tiles, namely artistic wall tiles primarily of plaster, clay, gypsum, glass, ceramic or earthenware. |
| 4,088,345 | MEMORY BLOCK | Tiles, namely artistic wall tiles. |

4. SDI owns existing common law trademark rights in the mark: This mark and the marks identified in SDI's U.S. Trademark Registrations are referred to as "SDI Marks" for purposes of this Judgment.

5. SDI owns trade dress rights in the overall look of its collectible wall plaques ("Memory Blocks") including the size, shape, designs, and relative dimensions of the various components or features that contribute to the overall appearance. These trade dress rights are referred to as "SDI Trade Dress" for purposes of this Judgment.

6. The SDI Marks and SDI Trade Dress are distinctive, either by virtue of being inherently distinct or through the acquisition of secondary meaning. The SDI Trade Dress is distinctive because it has acquired secondary and is nonfunctional.

7. Pollack, with full knowledge of SDI's business and SDI's rights in these trademarks, has conducted business and has advertised, offered for sale and sold, in this District and elsewhere, cheap, knock-off, counterfeit Memory Blocks using SDI's trademarks and marks that are confusingly similar to SDI's trademarks. The sale of products with marks that are identical or confusingly similar to the SDI Marks and trade dress that is identical or confusingly similar to the SDI Trade Dress, alone or in combination with other words and other items, is likely to cause confusion that accused goods and services emanate from or are sponsored or authorized by SDI.

8. Pollack and all other persons, firms or entities acting in concert or participating with her, are hereby permanently enjoined, directly or indirectly, from:

a. using any of the SDI Marks or any marks confusingly similar thereto, or any colorable imitation thereof, in connection with the marketing, promotion, advertising, offer for sale, or sale of any products;

b. using any simulation, reproduction, counterfeit, copy, or colorable imitation of SDI Trade Dress in connection with the offer for sale or sale of wall plaques;

c. engaging in any other activity constituting an infringement of any of the SDI Marks or SDI Trade Dress or constituting any infringement of SDI's rights in or right to use or exploit the SDI Marks or SDI Trade Dress;

d. using any false designation of origin or false description which can or is likely to lead the public, or individual members

thereof, erroneously to believe that any product or service was or is circulated, displayed, distributed, offered for sale, sold, manufactured, licensed, sponsored, approved, or authorized by or for SDI, when such is not true in fact; and

e. inducing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs 8(a) through 8(d) above.

9. Judgment shall be entered in favor of SDI and against Pollack

10. Pollack shall pay SDI's reasonable attorneys' fees and costs in the amount of $14,401.65 with interest.

11. This Court shall retain jurisdiction concerning enforcement of this Judgment and Permanent Injunction. IT IS SO ORDERED.

_____

Hon. Dale S. Fischer

United States District Judge



### Pamela Desonov Mugshot



**Information**

| | |
|---|---|
| Name | Pamela Desonov |
| Location | Austin, TX |
| Age | N/A years |
| Booking Date | 12-04-2017 |

**Booking Charges**

3442-0 WARRANT ARREST NON TRAFFIC

Get Detailed Information About This Arrest

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| PAMELA DE SOMOV,<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | No. 3:25-CV-839-E-BW |
| JULIE BARNES, et al.,<br>Defendants. | §<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Complaint for Damages and Injunctive Relief,

received on April 4, 2025. (Dkt. No. 3.) Based on the relevant filings and applicable

law, the Court should **DISMISS** the complaint without prejudice for improper

venue.

### I. BACKGROUND

Pamela de Somov, a licensed mortgage loan officer in Texas and current

resident of Collin County, Texas, filed this civil action against Defendants Julie

Barnes and Margaret Sano, alleged residents of New York. (*See id.* at 1-2.)

According to de Somov, in April 2023, Barnes contacted de Somov's former

employer and then-current employer by phone, text message, and email with

defamatory statements and information about de Somov. (*See id.* at 2.) Barnes also

allegedly registered a domain address of de Somov's name in 2017 under Sano's

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full
case management.

name in order to conceal her identity, and this domain address redirects users to a blog falsely and maliciously identifying de Somov as a scammer. (*See id.*) De Somov also alleges that Barnes has posted defamatory ads, fraudulent reviews, copyrighted material, and personal photos online relating to de Somov, and has contacted other third parties about de Somov to smear her reputation. (*See id.*) Barnes allegedly has updated and maintained these postings and most recently renewed the domain address in March 2025. (*See id.*) Based on these allegations, de Somov asserts several causes of action against Defendants under state and federal law and seeks monetary and injunctive relief. (*See id.* at 3.)

## II. VENUE

The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for the claims de Somov appears to assert in her complaint. *See Davis v. La. State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989). Section 1391(b) provides that venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claims occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. A district court has the discretionary authority to transfer cases filed in the wrong division or district to cure a defect in venue under 28 U.S.C. § 1406(a), but it may do so only if it is in the interest of justice to make such a transfer. *See* 28

2

U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte*. *See, e.g.*, *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989).

Here, de Somov generally states that "[v]enue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and the Plaintiff resides in Frisco, Texas." (Dkt. No. 3 at 1.) Aside from this conclusory statement, the complaint does not allege any facts to support a finding that any substantial events or omissions took place within the geographical boundaries of the Northern District of Texas such that venue would be proper in this Court. For example, de Somov does not allege facts showing that either of the Defendants—both of whom are allegedly residents of New York— registered the domain address or posted any of the alleged fraudulent or defamatory statements of which de Somov complains, or contacted de Somov's former employers within this District. Further, even if the Court liberally construes de Somov's complaint to allege that a substantial part of the events or omissions giving rise to her claims occurred in Collin County, where she currently resides, Collin County is located in the Eastern District of Texas, Sherman Division. *See* 28 U.S.C. § 124(c)(3). There is no indication that venue lies in this District.[2]

In this case, it is not in the interest of justice to transfer this action because it is unclear where any part of the events or omissions giving rise to de Somov's claims

---

[2] The Court notes that the complaint also alleges that the Travis County Sheriff's Department issued a cease and desist letter to Barnes in December 2024. (*See* Dkt. No. 3 at 3.) To the extent de Somov relies on this allegation to establish venue, Travis County is not within the geographical boundaries of this District; rather, it is located in the Western District of Texas, Austin Division. *See* 28 U.S.C. § 124(d)(1).

occurred. From the complaint, it appears that a substantial part of the events or omissions giving rise to de Somov's claims may have occurred in: (1) a district in New York where either Defendant resides[3]; (2) the Eastern District of Texas, Sherman Division, to the extent it seems de Somov may be attempting to allege that the harm or injuries for which she seeks relief occurred in Collin County; (3) the district or districts where her former employers received allegedly false and defamatory statements about de Somov; or (4) the Western District of Texas, Austin Division, to the extent any of her claims arise from the cease-and-desist letter issued by the Travis County Sheriff's Department. *See* 28 U.S.C. § 1391(b)(2). The Court therefore should dismiss this case for improper venue and without prejudice to de Somov's filing her complaint in a proper venue, rather than transferring this case to one of several proper venues.

## III. RECOMMENDATION

The Court should **DISMISS** Plaintiff's Complaint for Damages and Injunctive Relief, received on April 4, 2025 (Dkt. No. 3), without prejudice for improper venue.

**SO RECOMMENDED** on April 9, 2025.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

---

[3] Venue may also be proper pursuant to 28 U.S.C. § 1391(b)(1) in the district in New York where either Barnes or Sano resides.

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the
manner provided by law. Any party who objects to any part of this report and
recommendation must file specific written objections within 14 days after being
served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific,
an objection must identify the finding or recommendation to which objection is
made, state the basis for the objection, and indicate the place in the magistrate
judge's report and recommendation where the disputed determination is found. An
objection that merely incorporates by reference or refers to the briefing before the
magistrate judge is not specific. Failure to file specific written objections will bar the
aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon
grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415,
1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1)
(extending the time to file objections to 14 days).

5