UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PAMELA DE SOMOV, *Plaintiff* | § § § |
| v. | §  No. 1:25-cv-717-RP § |
| JULIE BARNES and MARGARET SANO, *Defendants* | § § § § |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE ROBERT PITMAN
     UNITED STATES DISTRICT JUDGE

Before the Court are Defendants Julia Barnes and Margart Sano's (together "Defendants") motions to dismiss, Dkts. 19; 25; 37, and all related briefing. After reviewing these filings and the relevant case law, the undersigned recommends that the District Judge grant the motions to dismiss and dismiss as moot all other pending motions in this case.

I. BACKGROUND

Plaintiff Pamela De Somov brought claims against Defendants for defamation, intentional infliction of emotional distress, cybersquatting, invasion of privacy, copyright infringement, and tortious interference with business relations based on Defendants' false statements about De Somov. *See* Dkts. 1; 12, at 3-6. Specifically, De Somov alleges that Defendants attempted to have De Somov terminated from her employment by making false allegations to her employer via email, registered domain names using De Somov's name, posted defamatory content about De Somov online,

1

and posted De Somov's copyrighted artwork and personal photographs online without her consent. Dkt. 12, at 3-4. After the Court granted De Somov's application to proceed *in forma pauperis* and Defendants appeared in this case, the parties filed a flurry of motions. *See, e.g.,* Dkts. 10; 11; 13;15;18; 19; 21; 23; 24; 25; 27; 29; 33; 24; 26; 27. Defendants filed three motions to dismiss De Somov's claims against them, each of which raises improper venue and passage of the statute of limitations as bases for dismissal of De Somov's complaint. Dkts, 19; 25; 37. In response, De Somov sought to have Defendants' filings stricken but did not substantively respond to the motions to dismiss. Dkts. 30; 41.

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(3)

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." Fed. R. Civ. P. 12(b)(3). Once a defendant raises the issue of improper venue by motion, the burden of proof is placed upon the plaintiff to sustain venue. *Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 719 (W.D. Tex. 2013). "Plaintiff may carry this burden by establishing facts that, if taken to be true, establish proper venue." *Id.* (citations omitted). Where there is no evidentiary hearing, a plaintiff may carry her burden by presenting facts that, taken as true, would establish venue, and the court must resolve any factual conflicts in favor of the plaintiff. *Braspetro Oil Servs., Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). In determining whether venue is proper, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the

plaintiff." *Id.* However, courts may consider evidence in the record beyond the facts alleged in the complaint and its attachments, including affidavits or evidence submitted by the parties as part of the venue motion. *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008).

### III.    DISCUSSION

Section 1391(b) provides that venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claims occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b). A district court has the discretionary authority to transfer cases filed in the wrong division or district to cure a defect in venue, but it may do so only if it is in the interest of justice to make such a transfer. *See* 28 U.S.C. § 1406(a).

Here, De Somov alleges that venue is proper under section 1391(b)(2) because the majority of events giving rise to her claims occurred while De Somov was residing in Travis County and that the harm to her "occurred in this district." Dkt. 12, at 2.[1] De Somov also alleges that Defendants are both residents of New York, which Defendants do not dispute. Dkts. 12, at 2; 19, at 3; 37, at 2. Despite De Somov's allegation that a substantial part of the events giving rise to this case took place in Travis County, the only event that took place in this district is the alleged issuance

---

[1] De Somov alleges that she resides in Collin County, Texas "approximately 75% of the time" and "also resides" in Travis County, Texas "approximately 25% of the time" and plans to relocate to Travis County in the future. Dkt. 12, at 1-2.

3

of a cease-and-desist letter by the Travis County Sheriff's Department in December 2025 related to Defendants' conduct. Dkt. 12, at 4. Moreover, a review of De Somov's complaint reveals that her claims arise from the New-York-resident Defendants' allegedly improper registration of domain names and defamatory speech—none of which De Somov alleges occurred in this district. *See* Dkts. 1; 12, at 2-5.

Moreover, De Somov's allegation that the harm caused by Defendants' actions occurred while she was previously living in Travis County is insufficient on its own to satisfy section 1391(b)(2). *Lalla v. G&H Towing Co.,* No. CV SA-19-CA-0542-FB, 2019 WL 11626516, at *4 (W.D. Tex. July 26, 2019) ("[T]he fact that a plaintiff residing in a given judicial district feels the effects of a defendant's conduct in that district does not mean that the events or omissions occurred in that district." (citing *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000))); *Texas Lottery Comm'n v. Ansari*, No. A-22-CV-00578-JRN, 2023 WL 11844245, at *2 (W.D. Tex. Mar. 31, 2023) ("The focus of the 'substantial part of the events or omissions' inquiry is on the defendant's conduct and where that conduct occurred, not on where the plaintiff later feels the economic effects of the injury." (citing *Bigham*, 123 F. Supp. 2d at 1048)); *Arriaga v. Imperial Palace, Inc.*, 252 F. Supp. 2d 380, 387 (S.D. Tex. 2003) (finding venue improper in district where plaintiff suffered harm resulting from defendant's conduct where event giving rise to injury occurred outside of state). Accordingly, the undersigned recommends that the District Judge grant Defendants' motions to dismiss De Somov's claims for improper venue.

## IV.  RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** Defendants' motions to dismiss, Dkts. 19; 25; 37, and **DISMISS AS MOOT** the remaining pending motions in this case. The referral of this case to the Magistrate Judge should now be canceled.

## V.  WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED July 17, 2025

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE