IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

PAMELA DE SOMOV, §
§
Plaintiff, §
§
v. § 1:25-CV-717-RP
§
JULIE BARNES *a/k/a* Julie Anne Barnes §
*a/k/a* Julie Beam and MARGARET SANO §
*a/k/a* Meg Sano, §
§
Defendants. §

## ORDER

Before the Court is the report and recommendation of United States Magistrate Judge Dustin Howell concerning Defendants Julie Barnes and Margaret Sano's ("Defendants") motions to dismiss, (Dkts. 19, 25, 37). (R. & R., Dkt. 53). Plaintiff Pamela de Somov ("Plaintiff") timely filed objections, (Dkts. 57, 58, 60, 61, 62), and Defendants responded, (Dkts. 64, 65, 68). Having reviewed the report and recommendation, the parties' briefs, the record, and the relevant law, the Court issues the following order.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, filed this action on May 12, 2025, alleging claims against Defendants for defamation, intentional infliction of emotional distress, cybersquatting, invasion of privacy, copyright infringement, and tortious interference with business relations based on Defendants' false statements about Plaintiff. (*See* Dkts. 1; 12, at 3–6). Specifically, Plaintiff alleges that Defendants attempted to have Plaintiff terminated from her employment by making false allegations to her employer via email, registered domain names using Plaintiff's name, posted defamatory content about Plaintiff online, and posted Plaintiff's allegedly copyrighted artwork and personal photographs online without her consent. (Dkt. 12, at 3–4). Defendants, also proceeding *pro*

1

*se*, have filed three motions to dismiss, each of which raises improper venue as one of a few bases for dismissal of Plaintiff's claims. (*See* Dkts. 19, 25, 37). The Court referred all pending motions in this case to United States Magistrate Judge Dustin Howell. (Dkt. 39).

On July 17, 2025, the magistrate judge issued a report and recommendation, recommending that the Court grant Defendants' motions to dismiss for improper venue. (R. & R., Dkt. 53). The magistrate judge found that venue was improper in the Western District of Texas because "the only event that took place in this district is the alleged issuance of a cease-and-desist letter by the Travis County Sheriff's Department in December 2025 related to Defendants' conduct" and because many of Defendants' actions—such as their improper registration of domain names and allegedly defamatory speech—occurred in New York, where Defendants reside. (*Id.* at 3–4). Further, the magistrate judge found that Plaintiff's "allegation that the harm caused by Defendants' actions occurred while she was previously living in Travis County is insufficient on its own to satisfy" venue. (*Id.* at 4). Accordingly, the magistrate judge recommended that the Court dismiss Plaintiff's claims and moot all other pending motions.

Since the issuance of the report and recommendation, Plaintiff has filed several documents, objecting to the finding that venue is improper in the Austin Division of the Western District of Texas. (Dkts. 57, 58, 60, 61, 62). She argues that venue is proper before this Court because Defendants' actions have caused her harm in Austin, where Plaintiff has allegedly lived and worked for many years. She provides evidence demonstrating how Defendants' actions have harmed her personally and professionally in Austin, including: police reports from Lakeway, Texas documenting harassment-related incidents; Trustpilot reviews written by Defendants targeting Plaintiff's online business, which is registered with the Travis County Clerk's Office; online posts that mention Plaintiff's location in Austin; emails to Plaintiff's former employer, allegedly targeting her professional reputation as a mortgage broker in Austin; and declarations from Plaintiff and others

documenting how Defendants' actions impacted Plaintiff's personal and professional life in Austin. (*See id.*). In response, Defendants maintain that venue is improper in Austin because much of the allegedly unlawful behavior occurred outside of the Western District and Plaintiff did not reside in Austin during the events in question. (*See* Dkts. 64, 65, 68). Defendants ask the Court to strike some of Plaintiff's newly filed evidence concerning venue and adopt the report and recommendation. Defendants also argue that dismissal is appropriate for reasons other than improper venue, including insufficient service, failure to state a claim, and a statute of limitations defense. (*See id.*).

## II. DISCUSSION

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Plaintiff timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*.

A party moving to dismiss based on improper venue does so pursuant to Federal Rule of Civil Procedure 12(b)(3). Venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claims occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. May 11, 2007). However, the Court may consider evidence in the record beyond the facts alleged in the complaint and its attachments, including affidavits or evidence submitted by the parties as part of the venue motion. *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008).

On *de novo* review of the magistrate judge's report and recommendation and Plaintiff's objections, the Court finds that the case should not be dismissed for improper venue. In most cases, an allegation that a defendant's action caused harm in a judicial district is not sufficient to establish venue in that district under Section 1391(b)(2). *See Lalla v. G&H Towing Co.*, No. CV SA-19-CA-0542-FB, 2019 WL 11626516, at *4 (W.D. Tex. July 26, 2019). However, in defamation cases, "the Court may consider the venue of where the defamation occurred and the venue of where the harm was felt" to determine whether venue is satisfied under Section 1391(b)(2). *Hawbecker v. Hall*, 88 F. Supp. 3d 723, 731 (W.D. Tex. 2015) (citing 14D Charles Alan Wright et al., *Federal Practice and Procedure* § 3806 (4th ed.)).

In her objections, Plaintiff has offered evidence that Defendants' allegedly defamatory actions have caused her harm to her personal and professional reputation while she was living in Austin. While Defendants contest whether Plaintiff was living in Austin when the allegedly defamatory actions occurred, Plaintiff has stated that she has "resided in the Western District of Texas for more than 50% of the time over the past eight years, including during the most relevant periods of this case." (De Somov Decl., Dkt. 60-6). Because the Court must construe all fact issues in favor of the plaintiff at the motion to dismiss stage, Plaintiff has adequately alleged that she lived in Austin and that the injury to her reputation occurred there. Therefore, a substantial part of the events giving rise to her claims occurred in the Austin area, and venue is proper in the Austin Division of the Western District of Texas.

Accordingly, the Court will reject the report and recommendation and deny in part Defendants' motions to dismiss, only as to their requests to dismiss the case for improper venue. Because the magistrate judge did not analyze any other argument presented in Defendants' motions to dismiss, the Court will refer the case back to the magistrate judge to consider Defendants' other bases for dismissal or any other motions in this case.

4

## III. CONCLUSION

For these reasons, the Court **ORDERS** that the report and recommendation of the United States Magistrate Judge, (Dkt. 53), is **REJECTED**.

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss, (Dkt. 19, 25, 37), are **DENIED IN PART**. The motions to dismiss for improper venue are denied. The Court reserves judgment on the other bases for dismissal in Defendants' motions.

**IT IS FURTHER ORDERED** that Defendants' motion to strike, (Dkt. 64), and Defendants' motion to deny, (Dkt. 68), are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to defer ruling on the report and recommendation, (Dkt. 66); Plaintiff's motion to expedite, (Dkt. 67); and Defendants' motions to deny those motions, (Dkts. 69, 70), are **MOOT**.

**IT IS FURTHER ORDERED** that all pending and future nondispositive motions in this case are **REFERRED** to United States Magistrate Judge Dustin Howell for resolution. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; Loc. R. W.D. Tex. App. C, R. 1(c).

**IT IS FINALLY ORDERED** that all pending and future dispositive motions are **REFERRED** to United States Magistrate Judge Dustin Howell for report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72; Loc. R. W.D. Tex. App. C, R. 1(d).

**SIGNED** on August 20, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE