# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **PAMELA DE SOMOV,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:25-cv-717-RP** |
| | § | |
| **JULIE BARNES and MARGARET** | § | |
| **SANO,** | § | |
| *Defendants* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

The District Judge referred this case to the undersigned. Dkt. 39. After reviewing the pending motions, Dkts. 4; 10; 11; 13; 15; 18; 19; 21; 23; 24; 25; 27; 29; 30; 33; 37; 34; 36; 46; 47; 50; 51; 62; 71; 72; 82; 84; 91, and relevant law, the undersigned issues the following order and report and recommendation.

## I.    BACKGROUND

Plaintiff Pamela De Somov, proceeding pro se, brought claims against Defendants Julia Barnes and Margaret Sano (together, "Defendants"), also proceeding pro se, for defamation, intentional infliction of emotional distress, cybersquatting, invasion of privacy, copyright infringement, tortious interference with business relations, and conspiracy based on Defendants' dissemination of false or personal information about De Somov. *See* Dkts. 1, at 4-5; 12, at 3-6; 13-1, at 3-10. Specifically, De Somov alleges that Defendants attempted to have De Somov terminated from her employment by making false allegations to her employer via

1

email, registered domain names using De Somov's name, posted defamatory content about De Somov online, and posted De Somov's copyrighted artwork and personal photographs online without her consent. Dkts. 12, at 3-4; 13-1, at 3-6. After the Court granted De Somov's application to proceed *in forma pauperis* and Defendants appeared in this case, the parties filed a flurry of motions. *See, e.g.*, Dkts. 10; 11; 13; 15; 18; 19; 21; 23; 24; 25; 27; 29; 33; 24; 26; 27.[1] Defendants filed three motions to dismiss De Somov's claims against them. Dkts. 19; 25; 37. In response, De Somov sought to have Defendants' filings stricken and also filed a consolidated response addressing Defendants' arguments for dismissal. Dkts. 30; 41; 79.

The undersigned previously issued a report and recommendation on the motions to dismiss, recommending dismissal of De Somov's claims based on improper venue. Dkt. 53. The District Judge rejected the undersigned's report and recommendation, denying Defendants' motions to dismiss as to improper venue but reserving judgment on the other bases for dismissal raised in the motions to dismiss. Dkt. 78, at 5.[2] The undersigned now addresses those alternative bases for dismissal, as well as the other motions pending in this case. Dkts. 4; 10; 11; 13; 15; 18; 19; 23; 24; 25; 27; 29; 30; 33; 34; 36; 37; 46; 47; 50; 51; 62; 71; 72; 82; 84; 91. Ultimately, the

---

[1] In one motion, Defendants ask the Court to deny De Somov's motion to proceed *in forma pauperis*. Dkt. 24. Given that the Court has already granted De Somov leave to proceed *in forma pauperis*, Dkt. 6, and nothing in Defendants' motion leads the Court to believe De Somov's *in forma pauperis* status should be revoked at this time, Defendants' motion, Dkt. 24, is denied.

[2] Defendants filed a motion to compel De Somov to produce evidence of her residence in support of venue. Dkt. 91. Given that the Court has already ruled that venue is proper in this District, Defendants' motion to compel, Dkt. 91, is DENIED.

undersigned concludes that De Somov's claims for defamation, tortious interference, and invasion of privacy should be allowed to proceed, and that counsel should be appointed for all parties to facilitate the efficient and just resolution of this case.

## II.    DISCUSSION

### A.    De Somov's motion to file a second amended complaint, Dkt. 13, should be granted.

De Somov filed a motion for leave to file a second amended complaint, Dkt. 13. In her motion, De Somov seeks permission to file a second amended complaint to "include newly developed facts, clarify certain causes of action, incorporate a newly filed federal trademark registration" and "expand on specific factual allegations and legal claims including trademark infringement, cybersquatting, and tortious interference with business relations." *Id.* at 1. Defendants filed an opposition to De Somov's motion in which they argue that De Somov's claims should be dismissed, which the undersigned construes as an argument as to the futility of De Somov's proposed amendments. Dkt. 23, at 1-3.

The Federal Rules of Civil Procedure favor amendment. A party may amend its pleading once as a matter of course within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). After this time period has passed, a party may amend its pleading with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Rule 15(a) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v.*

3

*Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). A court's discretion to grant leave is "severely restricted" by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a *substantial reason* to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998).

"In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005); *see McClure v. Turner*, 481 F. App'x 167, 171 (5th Cir. 2012). The Fifth Circuit has interpreted futility under Rule 15 to mean that "the amended complaint would fail to state a claim upon which relief could be granted"—courts, therefore, apply the same standard as under Rule 12(b)(6). *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Leave to amend need not be granted when the amended complaint would not survive a motion to dismiss. *See id.*

Having weighed the relevant factors and in light of Rule 15's liberal standard favoring amendments, the undersigned finds there is no "substantial reason" to deny De Somov's request to file a second amended complaint. *Jacobsen*, F.3d at 318. Moreover, given that the undersigned finds below that De Somov has stated claims for defamation, tortious interference and invasion of privacy, her amended complaint

is not futile as to those claims. *United Rentals (N. Am.), Inc. v. Terra Dynamics, Inc.*, No. 1:19-CV-681-HSO-JCG, 2020 WL 13885391, at *3 (S.D. Miss. June 18, 2020) (granting leave to amend where "[t]he Court [could not] say at this time that Plaintiff's request to amend is futile as to all claims set forth in the proposed Second Amended Complaint"). The undersigned recommends that the District Judge grant De Somov's motion to file an amended complaint; as such, the undersigned will deny Defendants' opposition to the leave to amend, Dkt. 23, which is styled as a motion. Given that, as explained below, only De Somov's claims for defamation, tortious interference, and invasion of privacy should survive dismissal and De Somov should be appointed counsel, the undersigned recommends that the District Judge order De Somov to file an amended complaint within 30 days of any order adopting this report and recommendation.

### B. Defendants' motions to dismiss, Dkts. 19; 25; 37, should be granted in part and denied in part.

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v.*

*Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey*, 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

1.    De Somov has stated claims for defamation.

De Somov brought defamation claims against Defendants for "publish[ing] false statements about [her] online and to third parties" by posting the statements about De Somov on Craigslist, blogs, and other online platforms, as well as by sending emails to De Somov's employer. Dkt. 12, at 2-5. De Somov alleges that Defendants began registering domain names for their blogs in 2017, and that De Somov was so affected by the Defendants' online publications that she was hospitalized in December 2020. *Id.* at 4. De Somov alleges that Defendants' publication of "harmful content" has not ceased. *Id.* at 5. In their motions to dismiss, Defendants argue that De Somov's defamation claims are barred by the statute of limitations or otherwise fail under Rule 12(b)(6). Dkts. 19, at 5; 25, at 39.

In Texas, a one-year statute of limitations generally applies to claims for libel and slander. Tex. Civ. Prac. & Rem. Code § 16.002(a). The statute of limitations begins to run on a defamation claim when "the words are spoken and the injury occurs." *Grogan v. Sav. of Am., Inc.*, 118 F. Supp. 2d 741, 756 (S.D. Tex.), *aff'd*, 202 F.3d 265 (5th Cir. 1999) (citations omitted); *see also Martinez v. Hardy*, 864 S.W.2d 767, 774 (Tex. App.—Houston [14th Dist.] 1993, no writ). Yet "each separate publication of a defamatory statement gives rise to a separate cause of action for defamation." *Carlson v. Trans Union, LLC*, No. CIV. 3:02-CV-2654-H, 2003 WL 21750706, at *2 (N.D. Tex. July 22, 2003) (citing *Wheeler v. Methodist Hosp.*, 95 S.W.3d 628, 639 (Tex.App.—Houston [1st Dist.] 2002, no pet.)). Here, De Somov alleges that Defendants began their defamatory conduct in 2017 and have continued

to post such content through the filing of this lawsuit. Dkts. 12, at 4; 13-1, at 4-5 (describing Defendants' "ongoing digital harassment"). Construing De Somov's complaint in the light most favorable to her, the undersigned finds that the statute of limitations does not bar De Somov's defamation claim given that she alleges that Defendants have continued to publish defamatory content about her online.

Under Texas law, De Somov must plead four elements to state a claim for defamation: "'(1) the defendant published a false statement; (2) that defamed the plaintiff; (3) with the requisite degree of fault regarding the truth of the statement (negligence if the plaintiff is a private individual); and (4) damages, unless the statement constitutes defamation per se.'" *Warren v. Fed. Nat'l Mortg. Assoc.*, 932 F.3d 378, 383 (5th Cir. 2019) (quoting *Bedford v. Spassoff*, 520 S.W. 3d 901, 904 (Tex. 2017)); *accord WFAA-TV, Inc. v. McLemore*, 978 S.W. 2d 568, 571 (Tex. 1998) (reciting Texas defamation elements). De Somov has sufficiently stated her defamation claims against Defendants by alleging that: (1) they posted false statements online and to third parties; (2) that defamed De Somov; (3) as part of a "deliberate effort to damage [De Somov's] professional relationships and future opportunities"; (4) which caused harm to De Somov in the form of "reputational damage, emotional distress, financial harm, and job loss." Dkts. 12, at 2-5; 13-1, at 3-4; 7. Defendants argue that they have not defamed De Somov because all the content they have shared about her included true and publicly available information, Dkts. 19, at 12; 17-18. Yet such a defense is better resolved with the aid of discovery since the Court is not equipped to assess the truth or falsity of the publications at this time.

8

Because De Somov has sufficiently stated claims for defamation, Defendants' motions to dismiss De Somov's defamation claims should be denied.

>    2. De Somov has stated claims for tortious inference with business relations.

De Somov alleges that "Defendants intentionally interfered with [her] employment and business [o]pportunities" by emailing false allegations to her employer. Dkt. 12, at 2-3, 6. "To the extent that Texas recognizes a cause of action for tortious interference with an existing business relationship, its elements are: '(1) unlawful actions undertaken by [the defendant] without a legal right or justifiable excuse; (2) with the intent to harm [the plaintiff]; and (3) resulting actual harm or damage.'" *D'Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197, 215 (5th Cir. 2018) (quoting *Am. Med. Int'l, Inc. v. Giurintano*, 821 S.W.2d 331, 335 (Tex. App.—Houston [14th Dist.] 1991, no writ)); *see id.* at n.18 (noting that it is unclear whether Texas law recognizes a cause of action for tortious interference with an existing business relationship as opposed to tortious interference with an existing contractual relationship).[3]

Here, De Somov alleges that Defendants engaged in unlawful actions in defaming De Somov to her employers in a way meant to interfere with her employment relationship, and that she "has suffered professional and personal harm,

---

[3] A claim for tortious interference with an existing contractual relationship requires plaintiff to plead that: (1) a contract existed that was subject to alleged interference; (2) the defendant willfully and intentionally interfered with said contract; (3) which is the proximate cause of plaintiff's damages; and (4) actual damage or loss resulted. *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 210 (Tex. 1996). Here, De Somov has not alleged the existence of a contract or that any such contract was interfered with as a result of Defendants' actions. *See* Dkts. 12; 13-1.

including job loss." *See* Dkts. 12, at 4; 13-1, at 4. Based on these allegations, the undersigned finds that she has stated claims for tortious interference with business relations. *Cooper v. Harvey*, No. 3:14-CV-4152-B, 2016 WL 4427481, at *15 (N.D. Tex. Aug. 21, 2016) ("[Plaintiff] has stated an actionable defamation claim, and, in turn, pointed to the sort of independently tortious conduct necessary to establish tortious interference with business relations."). As noted above, Defendants' contention that De Somov's tortious-interference claims fail because "[r]epublishing from a reputable source[] … [is] protected by the First Amendment," such that De Somov can identify no "independently tortious conduct," is better resolved after the benefit of discovery. Dkts. 19, at 3, 12; 25, at 37; *Cooper*, 2016 WL 4427481, at *15. Defendants' motions to dismiss De Somov's claims for tortious interference with business relations should be denied.

> ### 3. De Somov has stated claims for invasion of privacy based on public disclosure of private facts.

To establish a claim for invasion of privacy based on the public disclosure of private facts, De Somov must plead that (1) publicity was given to matters concerning her private life; (2) the publication of which would be highly offensive to a reasonable person of ordinary sensibilities; and (3) the matter publicized was not of legitimate public concern. *Lowe v. Hearst Commc'ns, Inc.*, 487 F.3d 246, 250 (5th Cir. 2007) (citing *Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473-74 (Tex. 1995)). De Somov alleges that Defendants committed the tort of invasion of privacy by posting "private, sensitive information online" without De Somov's consent, including her "medical history, an expunged criminal record, and [De Somov's] status as a victim in a rape

case." Dkts. 12, at 6; 13-1, at 8. Defendants argue that they merely reposted information already publicly available online, which would not constitute private information for the purposes of this claim. Dkt. 25, at 32-33; *see Hogan v. Hearst Corp.*, 945 S.W.2d 246, 251 (Tex. App.—San Antonio 1997, no writ) ("Because [defendants] obtained the information from public records, they proved that the facts published were not private information and, consequently, negated the first element of [plaintiff's] claim for the invasion of [] privacy."). Yet De Somov alleges that Defendants disseminated information about her medical history, which may form the basis of an invasion-of-privacy claim under Texas law. *See, e.g.*, *Walters v. Blue Cross & Blue Shield of Tex., Inc.*, No. 3:21-CV-981-L, 2022 WL 902735, at *5 (N.D. Tex. Mar. 28, 2022) (noting in context of claim for invasion of privacy based on public disclosure of private facts that "medical records are certainly private"). While Defendants may ultimately prove that they only published information about De Somov that was already publicly available, as noted above, such a determination is more properly made at the summary-judgment phase with the benefit of discovery. Defendants' motions to dismiss De Somov's claims for invasion of privacy by publication of private facts should be denied.

### 4. De Somov has failed to state claims for cybersquatting or trademark infringement.

De Somov alleges that "Defendants registered, trafficked in, and used domain names identical/confusingly similar to [her] name with bad faith intent to profit and harass" in violation of the cyberpiracy provisions of the Anticybersquatting Consumer Protection Act ("ACPA") and the Lanham Act. Dkts. 12, at 6; 13-1, at 8-9; 15 U.S.C.

§§ 1125(a), (d). Both her cybersquatting and trademark-infringement claims require De Somov to plead ownership of a legally protectable mark. *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235-36 (5th Cir. 2010); *Flu Shots of Tex., Ltd. v. Lopez*, No. 3:13-CV-144-O, 2014 WL 1327706, at *4 (N.D. Tex. Apr. 3, 2014) ("[T]o succeed on a claim for cybersquatting under the ACPA, a plaintiff must show ownership of the mark." (citing 15 U.S.C. § 1125(d)). Here, De Somov's ACPA and trademark-infringement claims fail since she has not sufficiently alleged that her name is a legally protectable mark. *See* Dkts. 12; 13-1. Rather, De Somov admits that her name is not trademarked—though she has applied to trademark her name. Dkts. 12, at 4-5; 13-1, at 5. Because she cannot establish ownership of a legally protected mark, the undersigned recommends that the District Judge dismiss De Somov's cybersquatting and trademark-infringement claims with prejudice.

5. De Somov has failed to state claims for copyright infringement.

De Somov also brought claims for copyright infringement, asserting that she "owns the copyright to artwork and photos posted by Defendants without [a]uthorization." Dkts. 12, at 6; 13-1, at 8; 17 U.S.C. § 501. In support of these claims, De Somov alleges that Barnes "posted [De Somov's] copyrighted artwork and personal photographs without consent." Dkt. 13-1, at 8. To state a claim for federal copyright infringement, De Somov must plead "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Canadian Standards Assoc. v. P.S. Knight Co.*, 112 F.4th 298, 303 (5th Cir. 2024). De Somov has failed to adequately plead her copyright claims.

First, while she alleges that she "owns" the copyright to unspecified artwork and photographs, this allegation is a legal conclusion unsupported by plausible facts. *See* Dkts. 12; 13-1; *Malibu Media, LLC v. Gonzales*, No. CV H-16-2406, 2017 WL 2985641, at *3 (S.D. Tex. July 13, 2017) (finding that "plaintiff failed to allege copyright ownership" over at-issue content where it "failed to include any factual basis for asserting its copyright ownership for these audiovisual works"); *Huffman v. Antonina Songs*, No. 6:16-CV-375-RP-JCM, 2016 WL 11584213, at *3 (W.D. Tex. Dec. 5, 2016), *R. & R. adopted as modified sub nom.*, *Huffman v. Burnt Puppy Music*, No. 6:16-CV-355-RP, 2017 WL 11046666 (W.D. Tex. Feb. 1, 2017) (concluding that plaintiff failed to state claim for copyright infringement where he "fail[ed] to plead that he has at least met the registration requirements" such that "he fail[ed] to sufficiently allege facts necessary to meet the ownership prong of a copyright infringement claim").

Even assuming De Somov had properly alleged ownership, her copyright infringement claims would nonetheless fail because she does not identify the allegedly copyrighted work or the accused work. *Terraspan, LLC v. Rave, LLC*, No. 3:12-CV-0816-K, 2012 WL 6115721, at *7 (N.D. Tex. Dec. 10, 2012) ("Without identifying an accused work to compare to the copyrighted work, a pleading does not plausibly establish infringement." (citing *Nat. Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting, Inc.*, 299 F. App'x 509, 512 (6th Cir. 2008))). Ultimately, De Somov's "conclusory allegations and assurances do not suffice to state a plausible claim for relief for copyright infringement." *Conner v. Interscope Recs.*, No. CV 3:21-

01038, 2021 WL 2585480, at *3 (W.D. La. June 7, 2021), *R. & R. adopted*, 2021 WL 2580186 (W.D. La. June 23, 2021). The undersigned recommends that the District Judge dismiss De Somov's copyright infringement claims with prejudice.

> 6. De Somov has failed to state claims for intentional infliction of emotional distress.

Based on the same facts underlying her defamation claims, De Somov brought claims for intentional infliction of emotional distress ("IIED") against Defendants. Dkts. 12, at 5-6; 13-1, at 7. In support of her IIED claims, De Somov alleges that "Defendants' conduct was extreme and outrageous" and "was intended to cause and did cause [her] severe emotional distress." Dkt. 13-1, at 7. Under Texas law, IIED is "a 'gap-filler' tort [that was] never intended to supplant or duplicate existing statutory or common-law remedies." *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005). If De Somov's allegations are covered by other statutory or common-law remedies, she cannot assert them as IIED claims, even in instances where the other remedies are barred. *Id.* at 816 (citing *Hoffmann–La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004)).

Here, the gravamen of De Somov's complaint is clearly defamation. De Somov's IIED claim rests upon the same underlying facts as her claim for defamation—that is, Defendants' statements accusing her of criminal and fraudulent conduct. She does not allege facts that are independent of her defamation claim and that could support a claim for IIED. Dkts. 12, at 2-5; 13-1, at 3-7; *Draker v. Schreiber*, 271 S.W.3d 318, 322-23 (Tex. App.—San Antonio 2008, no pet.) (applying *Hoffmann–La Roche* where the gravamen of the plaintiff's complaint was defamation). Moreover, "Texas courts

have found that the defendant's alleged defamatory actions d[o] not constitute outrageous conduct"—a necessary element of De Somov's IIED claim. *Bass v. Hendrix*, 931 F. Supp. 523, 530-31 (S.D. Tex. 1996) (stating that plaintiff must show, among other elements, that "the defendant's conduct was extreme and outrageous" to state claim for IIED). Accordingly, De Somov's IIED claims fail as a matter of law and should be dismissed with prejudice.

       7. De Somov has failed to state claims for conspiracy.

       De Somov finally brought claims for conspiracy, alleging that Defendants "conspired to defame, harass, and interfere with [De Somov]'s personal and professional life, acting in coordination with one another to achieve unlawful goals." Dkts. 12, at 6; 13-1, at 10. Under Texas law, a civil conspiracy is composed of two or more persons combining to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983). The elements of a claim for civil conspiracy in Texas are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1990); *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). De Somov fails to allege specific facts to meet those elements here; she alleges a conspiracy in a conclusory fashion, which is insufficient to state such a claim for relief. *Simpson v. OsteoStrong Franchising, Inc.*, No. H-19-2334, 2022 WL 2479164, at *3 (S.D. Tex. July 5, 2022) (dismissing conspiracy claims where plaintiff "pleaded neither of its conspiracy claims with the required

specificity"); *see also Diaz v. Ocewen Loan Servicing*, No. 3:13-CV-2928-N-BK, 2014 WL 1012521, at *1 (N.D. Tex. Mar. 14, 2014) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)) (noting that the "complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity"). De Somov's conspiracy claims should be dismissed with prejudice.

*     *     *

Based on the foregoing, the undersigned recommends that the District Judge grant De Somov's motion to file an amended complaint, Dkt. 13. The undersigned further recommends that the District Judge grant in part and deny in part Defendants' motions to dismiss, Dkts. 19; 25; 37. Specifically, the undersigned recommends that the District Judge grant Defendants' motions to dismiss as to De Somov's claims for cybersquatting, trademark infringement, copyright infringement, intentional infliction of emotional distress, and conspiracy, and otherwise deny the motion. Defendants' reply in support of their motions to dismiss, styled as a motion to strike De Somov's response to their motions to dismiss, Dkt. 50, is denied.

## C.    De Somov's motion for a preliminary injunction, Dkt. 4, should be denied.

De Somov filed a motion for a preliminary injunction, asking this Court to order Defendants to remove the websites they have used to post allegedly defamatory content about De Somov. Dkt. 4. Defendants styled as motions their multiple responses to De Somov's motion for a preliminary injunction, Dkt. 18; 34; 51, which will be denied as moot.

De Somov's motion for a preliminary injunction should be denied. To establish her entitlement to preliminary injunctive relief, De Somov must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that the balance of hardships weighs in her favor; and (4) that the issuance of injunctive relief will not disserve the public interest. *Daniels Health Servs., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013). De Somov seeks a preliminary injunction under her ACPA, defamation, and IIED claims, arguing that she "continues to suffer reputational harm, loss of income, and emotional distress" such that "[m]onetary damages alone are insufficient." Dkt. 4, at 4.[4] De Somov's allegations are insufficient to establish a substantial threat of irreparable harm as she has not made a showing that monetary damages are inadequate to remedy her alleged harm. *Id.*; *Digital Generation, Inc. v. Boring*, 869 F. Supp. 2d 761, 778 (N.D. Tex. 2012) (denying preliminary injunction where plaintiff "presented no evidence … to support its argument that damages will be difficult to calculate or that monetary damages would be inadequate"); *Oliver v. Skinner*, No. 4:09-CV-29-CWR-LRA, 2013 WL 667664, at *10 (S.D. Miss. Feb. 22, 2013), *aff'd sub nom.*, *Oliver v. Bankfirst*, 552 F. App'x 357 (5th Cir. 2014) (denying injunctive relief where plaintiff "ha[d] an adequate remedy at law for defamation: monetary damages"); *see also Diggs v. Proesis Bio LLC*, No. 3:25-CV-1312-B-BN, 2025 WL 2212196, at *2 (N.D. Tex. June 5, 2025) ("[A]s to the claim of emotional harm, compensatory damages are also available for such harm."), *R & R adopted*, 2025 WL 2211787 (N.D. Tex. Aug. 4, 2025). The

---

[4] Given that the undersigned has determined that De Somov's ACPA and IIED claims are without merit, her preliminary injunction may only be brought under her defamation claim.

undersigned recommends that the District Judge deny De Somov's motion for a preliminary injunction, Dkt. 4. Given that De Somov is not entitled to a preliminary injunction, the undersigned denies as moot Defendants' responses, styled as motions, responding to De Somov's request for such relief, Dkts. 18; 34; 51.

### D. De Somov's motion for a protective order, Dkt. 27, and Defendants' motion to deny Plaintiff's motion for a protective order, Dkt. 29, are denied.

De Somov moved to seal her application to proceed *in forma pauperis* because it contains "sensitive personal and financial information that is now being weaponized by Defendant Julie Barnes." Dkt. 27, at 1. As a general rule, "a court must use caution in exercising its discretion to place records under seal" because there is a "strong presumption that all trial proceedings should be subject to scrutiny by the public." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 689-90 (5th Cir. 2010) (internal citations and quotations omitted). The party seeking to seal judicial records should provide "'sufficiently compelling reasons'" to "'override the public policies favoring disclosure.'" *United States v. Hays*, No. 3:95-CR-141-D(2), 2022 WL 209272, at *1 (N.D. Tex. Jan. 24, 2022) (quoting *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013)). "[I]n order for a document to be sealed, the movant must not only point to specific confidential information contained in the document, but must also show the specific harm that would be suffered if the public were granted access to this document." *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. CV 14-2264, 2015 WL 13534251, at *4 (E.D. La. Aug. 12, 2015) (citing *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015)).

Even construing her arguments liberally, De Somov offers no sufficiently compelling reason for sealing her application to proceed *in forma pauperis* or related filings. *See* Dkt. 27; *Hayes*, 2022 WL 209272, at *1. De Somov has not identified the specific information contained in the application nor demonstrated how, if made public, this information might be harmful to her.[5] *Omega*, 2015 WL 13534251, at *4 (citing *Cigna*, 781 F.3d at 204). Moreover, her application to proceed *in forma pauperis* does not include the kind of banking information courts have found worthy of sealing. *See, e.g.*, *Taylor v. Acad. P'ships, LLC*, No. 3:19-CV-1764-K-BN, 2019 WL 13252547, at *1 (N.D. Tex. Aug. 12, 2019) (sealing temporarily application to proceed *in forma pauperis* "attached to which are banking records submitted by [plaintiff]"). De Somov's motion for a protective order, Dkt. 27, is denied, and Defendants' response to De Somov's motion for a protective order, styled as a motion, Dkt. 29, is denied as moot.

### E.    De Somov's motions to strike and seal improper filings, to grant injunctive relief as unopposed, and for entry of default, Dkts. 30; 33, are denied.

De Somov next filed a motion to strike and seal improper filings, to grant injunctive relief as unopposed, and for entry of default, Dkt. 30. De Somov also filed a separate motion for entry of default against Defendants based on the same arguments raised in her previous motion, Dkt. 33. Initially, the undersigned notes for De Somov that under the Administrative Policies and Procedures for Electronic Filing for the Western District of Texas, "each filing must consist of only one pleading" and

---

[5] The undersigned reminds De Somov that even if the Court sealed her application to proceed *in forma pauperis*, the application would be shielded from the public, not from Defendants.

multiple pleadings "must be filed as separate documents." W. Dist. of Tex., U.S. Dist. Court, *Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases* § 3(g) (rev. 2016).

As to the substance of De Somov's motion, none of her requests for relief have merit. De Somov identifies seven filings on the docket that she believes should either be stricken or sealed. Dkt. 30, at 2-3. De Somov generally avers that four of these filings should be sealed "due to their inclusion of sensitive personal and financial information," which is insufficient to meet her burden of identifying the specific information in each filing and identifying how she would be harmed if such information were made public. *Id.* at 2; *Omega*, 2015 WL 13534251, at *4 ("[I]n order for a document to be sealed, the movant must not only point to specific confidential information contained in the document, but must also show the specific harm that would be suffered if the public were granted access to this document." (citing *N. Cypress*, 781 F.3d at 204)).

De Somov further asks the Court to grant her motion for a preliminary injunction as unopposed. Dkt. 30, at 4. Given that the undersigned has found that De Somov's motion for a preliminary injunction should be denied, De Somov's request that the motion be granted as unopposed will be denied. Finally, De Somov requests that the clerk enter default as to Defendants based on her perception that they did not respond to her first amended complaint. Dkts. 30, at 4-5; 33, at 1-2. Yet Defendants timely responded to De Somov's first amended complaint by filing a motion to dismiss. Dkts. 12 (amended complaint filed June 3, 2025); 19 (motion to

dismiss filed June 7, 2025). De Somov's requests for entry of default are thus without merit. The undersigned denies De Somov's motion to strike and seal improper filings, to grant injunctive relief as unopposed, and for entry of default, Dkt. 30, and her motion for entry of default, Dkt. 33. Given the denial of De Somov's motions for entry of default, Defendants' response to De Somov's requests regarding default, styled as a motion to strike, Dkt. 36, is denied as moot.

### F.    De Somov's motion to strike, Dkt. 46, is denied.

De Somov filed yet another motion to strike, identifying four of Defendants' filings that she would like the Court to strike from the record. Dkt. 46, at 2. In assessing this motion to strike, the undersigned emphasizes that "[s]triking a pleading is generally disfavored," and is "a drastic remedy to be resorted to only when required for the purposes of justice [and] should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (citation omitted); *see also United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012). Having reviewed the filings identified by De Somov, as well as the attachments to her motion to strike, the undersigned finds that De Somov has not met her "demanding burden" of showing that striking the at-issue pleadings is appropriate here. *Pylant v. Cuba*, No. 3:14-CV-0745-P, 2015 WL 12753669, at *5 (N.D. Tex. Mar. 6, 2015) ("The party seeking to strike a pleading or part thereof has a 'demanding burden' to show adequate grounds[.]"). De Somov's motion to strike, Dkt. 46, is denied.

### G.     De Somov's motion to seal, Dkt. 62, is granted in part and denied in part.

De Somov filed a motion to seal certain exhibits attached to her motion to seal, though she does not explain how these exhibits pertain to any other pending motion. *See* Dkt. 62. De Somov attached to her motion to seal a declaration regarding the alleged harm to her resulting from Defendants' actions, screen shots of the allegedly defamatory online content, medical records, and her application to proceed *in forma pauperis*. *Id.* at 2-3. De Somov argues that these documents should be sealed because they "contain private medical information, financial records, metadata and technical content, images of Plaintiff, and third-party communications that could cause further reputational and emotional harm if disclosed publicly." *Id.* at 3. Having reviewed the documents attached to De Somov's motion, the undersigned finds that only Exhibit F, Dkt. 62-8, which is a copy of her medical records, merits sealing. *Lima v. Wagner*, No. 3:16-cv-00074, 2018 WL 11198080, at *2 (S.D. Tex. Oct. 24, 2018) (sealing documents relating to plaintiff's medical records and mental health treatment on the basis that plaintiff "possesses a strong privacy interest in keeping the details of his mental health condition confidential and the public has no need for access to these documents").

De Somov has not met her burden of identifying any specific personal information in the other exhibits, some of which also include information that she herself claims is already publicly available online. *See* Dkts. 62; 62-3; 62-4; 62-6; 62-7; *United States v. Texas*, 566 F. Supp. 3d 605, 632 (W.D. Tex. 2021) ("[W]hen the party seeking leave to file under seal 'does not identify any particular confidential

information in the orders that may cause it harm, and much of the information therein is available elsewhere,' sealing is generally unwarranted." (quoting *N. Cypress*, 781 F.3d at 204)); *Shore Offshore Servs., LLC v. Jab Energy Sols., LLC*, No. CV 18-1288, 2019 WL 367276, at *2 n.2 (E.D. La. Jan. 30, 2019) ("Regardless of what any party considers confidential and would prefer to shelter from public scrutiny, it is not incumbent upon the Court to allow it to be filed under seal."). De Somov's motion to seal, Dkt. 62, is granted in part and denied in part. The Clerk of Court shall file Exhibit F, Dkt. 62-8, to De Somov's motion under seal. De Somov's motion is otherwise denied.

### H. Defendants' motions for sanctions, Dkts. 71; 82, should be denied.

Defendants filed a motion to declare De Somov a vexatious litigant, Dkt. 71, and a motion for sanctions, Dkt. 82. Both motions posit that De Somov's "pattern of frivolous and abusive litigation tactics … will continue to delay the final resolution of this case" if the Court does not impose sanctions on De Somov under its inherent authority, 28 U.S.C. § 1927, or Federal Rule of Civil Procedure 11. Dkts. 71, at 3; 82, at 2. The undersigned recommends that the District Judge deny both motions.

Initially, Defendants' request for sanctions under Rule 11 should be denied for failure to comply with the rule's safe-harbor provision. A request for sanctions lodged under Rule 11 "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Compliance with the safe-harbor provision is "a

mandatory prerequisite for a Rule 11 motion." *Uptown Grill, LLC v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 388 (5th Cir. 2022); *see In re Pratt*, 524 F.3d 580, 588 (5th Cir. 2008) (stating that the court has "continually held that strict compliance with Rule 11 is mandatory"). Nothing in Defendants' motion for sanctions suggests that they complied with Rule 11(c)(2). *See* Dkt. 82. Because Defendants did not satisfy Rule 11's safe-harbor provision, their motion for sanctions brought under Rule 11 should be denied. *See Askins v. Hagopian*, 713 F. App'x 380, 381 (5th Cir. 2018) (per curiam) (reversing imposition of Rule 11 sanctions based on a motion filed the same day it was served).

Defendants also moved for sanctions under section 1927 of Title 28 of the United States Code, which provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Fifth Circuit hasn't yet determined whether the potential for such sanctions applies to pro se litigants. *See Simmons v. Methodist Hosps. of Dall.*, 632 F. App'x 784, 787 n.5 (5th Cir. 2015). Even assuming section 1927 applies to pro se litigants, Defendants have not presented any "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court" apart from generally referencing De Somov's "[i]mproper [m]otions." Dkt. 82, at 2; *Greer v. Richardson Indep. Sch. Dist.*, 471 F. App'x 336, 339 (5th Cir. 2012) (citing *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir.

1998)); *see also Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 38 F.3d 1414, 1417 (5th Cir. 1994) (noting that "evidence of recklessness, bad faith, or improper motive must be present" to impose sanctions under section 1927). The undersigned recommends that the District Judge deny Defendants' motion for sanctions under section 1927.

Finally, Defendants moved for sanctions, such as labeling De Somov a vexatious litigant, under the Court's inherent authority to impose sanctions. Dkts. 72, at 2; 82, at 2. Before imposing sanctions pursuant to its inherent authority, however, a district court must find that the litigants acted in bad faith based on "clear and convincing proof." *Miller v. Dunn*, 774 F. Supp. 3d 806, 819 (N.D. Tex. 2024) (citing *In re Moore*, 739 F.3d 724, 730 (5th Cir. 2014)). As noted above, Defendants did not attach any evidence to their motions supporting such a finding of bad faith, and as such, have not met the "high threshold for invoking" the Court's "inherent powers" to sanction De Somov. *Moore*, 739 F.3d at 730. Defendants' motion for sanctions made pursuant to the Court's inherent authority should be denied.

Based on the foregoing, the undesigned recommends that the District Judge deny Defendants' motions for sanctions, Dkts. 72; 82. Given the plethora of frivolous filings lodged by both De Somov and Defendants in this case, the parties are hereby warned that subsequent frivolous filings, such as many of those addressed by the undersigned here, will be considered vexatious, abusive, and harassing, and will be met with appropriate sanctions.

## I.    Defendants' motion for a protective order, Dkt. 72, is denied.

Defendants filed a motion for a protective order, Dkt. 72, accusing De Somov of causing, through her "filings, communications, and actions," Defendants to experience a "well-founded fear for the[ir] safety and well-being." *Id.* at 2. In support of their requests that this Court prohibit De Somov from contacting Defendants, retaliating or harassing Defendants, filing future pleadings without leave of court, or involving law enforcement, Defendants point to her "frivolous motions," misuse of "sealed filings," attempts to involve "law enforcement against Defendants based on false allegations," "third-party interference or intimidation," and "[f]iling this lawsuit in the improper venue." *Id.* at 2-3. Defendants' conclusory assertions as to the necessity of a protective order are insufficient to demonstrate good cause for entry of such an order. *Rummans v. HSBC Bank USA, Nat'l Ass'n*, No. 3:22-CV-2046-M, 2024 WL 3635522, at *1 (N.D. Tex. May 28, 2024) ("Courts have generally concluded that to obtain a protective order, the moving party must show both 'good cause and a specific need for protection.'" (quoting *Meisenheimer v. DAC Vision Inc.*, No. 3:19-cv-1422-M, 2019 WL 6619198, at *2 (N.D. Tex. Dec. 4, 2019))); *Newcourt, Inc. v. Landmark Am. Ins. Co.*, No. 5:10-CV-80, 2011 WL 13217847, at *2 (E.D. Tex. May 20, 2011) (noting that "broad allegations of harm, unsubstantiated by specific examples, are insufficient to justify issuance of a protective order." (citation omitted)). Defendants' motion for a protective order, Dkt. 72, is denied.

### J.    Defendants' motions to appoint counsel, Dkts. 10; 21, are granted.

Finally, Defendants moved for appointment of counsel, Dkts. 10; 21, asking this Court to appoint them an attorney to represent them in this matter because they are unable to pay for counsel and have made efforts to secure counsel through legal aid organizations. Dkt. 10, at 1; 21, at 1-4. Having considered the motions, the Court will appoint counsel for Defendants and for De Somov.

The Court has the authority to appoint "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a party is not entitled to appointment of counsel as a right in a civil action. *See Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (noting that appointment of counsel in civil case is a privilege and not a constitutional right). Rather, in a civil case a federal court has considerable discretion in determining whether to appoint counsel. *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990); *see also* 28 U.S.C. § 1915(e)(1) (noting that court may request attorney to represent person unable to afford counsel). When the individual's case is not brought pursuant to a statute which explicitly authorizes the appointment of counsel, the court may appoint counsel in "extraordinary circumstances." *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *see also Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989) (appointment of counsel appropriate only in exceptional cases). The burden of persuasion rests on the party requesting counsel though "the Court may consider appointment of counsel sua sponte if warranted." *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1310 (5th Cir.

1977); *McQueen v. Hallmark Coll.*, No. SA-10-CA-0688-OG, 2010 WL 3743917, at *1 (W.D. Tex. Sept. 20, 2010).

In deciding whether to grant a request for appointment of counsel, a court should consider: (1) the type and complexity of the case; (2) whether the litigant is capable of adequately presenting and investigating his case; (3) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses; and (4) the likelihood that appointment of counsel will benefit the court and the litigants. *Jackson v. Dall. Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982). Here, the undersigned has recommended that Defendants' motion to dismiss be denied as to De Somov's claims for defamation, public disclosure of private facts, and tortious interference with business relations—claims that involve continuing conduct dating back to 2017 such that extensive discovery may be needed to properly assess De Somov's remaining claims. *See* Dkts. 12; 13-1. The parties' many meritless filings and inflammatory rhetoric also counsel in favor of appointment of counsel since the litigants have not been capable of efficiently and accurately presenting their claims and defenses to the Court. Finally, the resolution of De Somov's claims—if they proceed to trial—would require the presentation of conflicting testimony such that the skill of appointed counsel would benefit both the litigants and the Court.

The undersigned finds that extraordinary circumstances warrant the appointment of counsel for De Somov and Defendants in this case. Defendants'

motions to appoint counsel, Dkts. 10; 21, are granted. The undersigned hereby appoints the following attorney to represent Defendants in the above-styled and numbered cause:

> Austin Jones
> McGinnis Lochridge
> 1111 West 6th Street, Suite 400
> Austin, Texas 78703

The undersigned further appoints the following attorney to represent De Somov in the above-styled and numbered cause:

> Mark Speegle
> Baker Botts LLP
> 401 South 1st Street, Suite 1300
> Austin, Texas 78704

Because the Court has appointed counsel to all parties in this case, Defendants' motion to appear virtually, Dkt. 11, De Somov's motion to deny Defendants' request for appointment of counsel, Dkt. 15, and De Somov's motion for a status conference, Dkt. 47, are denied. The Court further advises the parties that once counsel has appeared in this case, the parties may not file any further motions and pleadings; only counsel may do so on the parties' behalf.

### III.    ORDER AND RECOMMENDATIONS

In accordance with the foregoing discussion regarding dispositive motions, the undersigned **RECOMMENDS** that the District Judge **GRANT** De Somov's motion to file a second amended complaint, Dkt. 13. However, in light of the recommendation that only De Somov's defamation, tortious interference, and invasion of privacy claims survive Defendants' motion to dismiss, the undersigned recommends that the

29

District Judge **ORDER** De Somov to file an amended complaint within 30 days of any order adopting this report and recommendation.

The undersigned **FURTHER RECOMMENDS** that the District Judge **GRANT IN PART** and **DENY IN PART** Defendants' motions to dismiss, Dkts. 19; 25; 37, and dismiss with prejudice De Somov's claims for cybersquatting, trademark infringement, copyright infringement, intentional infliction of emotional distress, and conspiracy. De Somov should be ordered to file an amended complaint within 30 days of any order adopting this recommendation.

The undersigned **FURTHER RECOMMENDS** that the District Judge **DENY** De Somov's motion for a preliminary injunction, Dkt. 4.

The undersigned **FINALLY RECOMMENDS** that the District Judge **DENY** Defendants' motions for sanctions, Dkt. 71; 82.

Moreover, as explained above, **IT IS ORDERED** that Dkts. 11; 15; 18; 23; 24; 27; 29; 30; 33; 34; 36; 46; 47; 50; 51; 72; 91, are **DENIED**.

**IT IS FURTHER ORDERED** that De Somov's motion to seal, Dkt. 62, is **GRANTED IN PART** and **DENIED IN PART**. The Clerk of Court shall file Exhibit F, Dkt. 62-8, to De Somov's motion under seal. De Somov's motion to seal is otherwise denied.

**IT IS FINALLY ORDERED** that Defendants' motions to appoint counsel, Dkts. 10; 21, are **GRANTED.** The undersigned hereby appoints the following attorney to represent Defendants in the above-styled and numbered cause:

Austin Jones
McGinnis Lochridge
1111 West 6th Street, Suite 400
Austin, Texas 78703

The undersigned further appoints the following attorney to represent De Somov in the above-styled and numbered cause:

Mark Speegle
Baker Botts LLP
401 South 1st Street, Suite 1300
Austin, Texas 78704

## IV.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED October 9, 2025

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE