IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PAMELA DE SOMOV, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:25-CV-717-RP |
| | § | |
| JULIE BARNES and MARGARET SANO, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is the report and recommendation from United States Magistrate Judge Dustin Howell concerning the pending non-dispositive and dispositive motions in Plaintiff Pamela De Somov's ("Plaintiff") case, (Dkts. 4, 10, 11, 13, 15, 18, 19, 21, 23, 24, 25, 27, 29, 30, 33, 37, 34, 36, 46, 47, 50, 51, 62, 71, 72, 82, 84, and 91). (Dkt. 99). Pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rules 1(c) and 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Howell issued his report and recommendation on October 9, 2025. (*Id.*). Plaintiff timely filed objections to the report and recommendation. (Objs., Dkt. 105). Defendants Julie Barnes and Margaret Sano ("Defendants") timely filed a response to Plaintiff's objections. (Resp., Dkt. 107).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Plaintiff timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*.

Having done so, the Court will modify the report and recommendation and adopt it as its own order. The Court adopts Judge Howell's recommendation that Defendants' Motions to Dismiss

(Dkts. 19, 25, and 37) be granted in part and denied in part, but the Court will dismiss Plaintiff's claims for cybersquatting, trademark infringement, copyright infringement, intentional infliction of emotional distress, and conspiracy *without* prejudice. The Fifth Circuit instructs that "[w]hen a district court dismisses a pro se complaint, it should do so 'without prejudice in order to allow the plaintiff an opportunity to file an amended complaint,' unless 'the plaintiff has been given adequate opportunity to cure the inadequacies in his pleading or if the pleadings demonstrate that the plaintiff has pleaded his best case.'" *Gonzalez v. Gillis*, No. 21-60634, 2023 WL 3197061, at *6 (5th Cir. May 2, 2023) (quoting *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 423 (5th Cir. 2017) (per curiam) (cleaned up)). "[D]istrict courts should not dismiss *pro se* complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case." *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011). Particularly because Plaintiff and Defendants have now been appointed counsel, (Dkt. 99), the Court is not convinced that Plaintiff "has pled [her] best case." *See Hale*, 642 F.3d at 503. The Court will dismiss as moot Plaintiff's Motion to File a Second Amended Complaint, (Dkt. 13), which was filed *pro se*, and will order Plaintiff to file an amended complaint with the assistance of her counsel.

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. 99), is **ADOPTED** with modification. **IT IS ORDERED** that Defendants' Motions to Dismiss, (Dkts. 19, 25, and 37) are **GRANTED IN PART** and **DENIED IN PART** such that Plaintiff's claims for cybersquatting, trademark infringement, copyright infringement, intentional infliction of emotional distress, and conspiracy are dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File a Second Amended Complaint, (Dkt. 13), is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint, consistent with this order regarding the report and recommendation, on or before **December 13, 2025.**

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Preliminary Injunction, (Dkt. 4), and Defendants' Motions for Sanctions, (Dkts. 71, 82) are **DENIED**. The Court notes that Federal Rule of Civil Procedure 65(b) presents no bar for Plaintiff to move again for a preliminary injunction.

**SIGNED** on November 17, 2025.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE