# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **PAMELA DE SOMOV,** | § | |
| *Plaintiff* | § | |
| | § | |
| | § | **No. 1:25-cv-717-RP** |
| **v.** | § | |
| | § | |
| **JULIE BARNES and MARGARET** | § | |
| **SANO,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendants Julia Barnes and Margaret Sano's (together, "Defendants") motion to dismiss, Dkt. 115, and all related briefing. After reviewing the motion and relevant law, the undersigned recommends that the District Judge deny Defendants' motion.

## I.    BACKGROUND

Plaintiff Pamela de Somov initially filed this case pro se, bringing state-law claims against Defendants based on their dissemination of false or personal information about de Somov. *See* Dkts. 1, at 4-5; 12, at 3-6; 13-1, at 3-10. Defendants, also initially proceeding pro se, moved to dismiss, Dkts. 19; 25; 27, and the undersigned recommended that motion be granted in part and denied in part. Dkt. 99, at 5, 30. The undersigned also appointed counsel to both de Somov and Defendants. *Id.* at 30. The District Judge adopted the report and recommendation

1

but allowed de Somov to amend her complaint as to those claims that did not survive Defendants' initial motions to dismiss. Dkt. 111.

With the aid of counsel, de Somov filed a second amended complaint. Dkt. 113. In her second amended complaint, de Somov alleged that Barnes and de Somov had a falling out after becoming close friends. *Id.* at 4-6. Barnes's "behavior escalated into a continual effort to harm de Somov's personal and professional life" by, with the assistance of Sano, "spread[ing] damaging accusations about de Somov to her personal and business relations" over many years. *Id.* at 6-7. For example, de Somov accuses Defendants of creating public websites, including one titled "ScammerPam," which they used to "accuse[] de Somov of a variety of crimes, including fraud, theft, counterfeiting, and identity theft." *Id.* at 7-12, 18-19. De Somov also alleges that Barnes "maliciously launched a new campaign to destroy de Somov's professional reputation" by contacting her employer and co-workers to disclose "highly personal" and disparaging information about de Somov—which ultimately led to de Somov losing her job. *Id.* at 12-17. Based on these facts, de Somov leveled claims against Defendants for defamation, business disparagement, civil conspiracy, and tortious interference with existing contract.[1] *Id.* at 20-26. Defendants, now also represented by counsel, moved to dismiss the second amended complaint. Dkt. 115.

---

[1] De Somov's tortious-interference claim is brought only against Barnes. Dkt. 113, at 24.

## II.    LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities,*

3

*Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey*, 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III.    DISCUSSION

Defendants moved to dismiss de Somov's second amended complaint, seeking dismissal of her claims for defamation, business disparagement, civil conspiracy, and tortious interference under Federal Rule of Civil Procedure 12(b)(6). Dkt. 115. Defendants argued that de Somov's claims are either time barred or do not contain sufficient facts to state a claim. *Id.* at 3-12. De Somov opposed the motion, arguing that her claims arise from conduct that occurred within the limitations period and that she has otherwise stated her claims. Dkt. 116, at 9-24. The undersigned will address each claim below.

**A.    Defendants' motion to dismiss de Somov's civil-conspiracy claim should be denied.**

Defendants first moved to dismiss de Somov's civil-conspiracy claim, arguing that de Somov's "conclusory allegations" as to the existence of an agreement between Defendants and Sano's knowledge of the unlawful activities are insufficient to

support such a claim. Dkt. 115, at 3-4. De Somov counters that she alleged "a number of facts" from which an agreement between Barnes and Sano, as well as Sano's involvement in the publication of the defamatory content, can be inferred. Dkt. 116, at 18-19. In reply, Defendants insist that de Somov failed to "factually support the 'who, what, when, where, and how' of the civil conspiracy as Texas law requires." Dkt. 117, at 7-8.

Under Texas law, a civil conspiracy is composed of two or more persons combining to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983). The elements of civil conspiracy are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1990); *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). Plaintiffs who advance conspiracy claims must plead specific facts, not merely conclusory allegations. *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991). In pleading these specific facts, the plaintiff must allege the operative facts of the alleged conspiracy. *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987).

Here, Defendants complain that "[de Somov] does not include any allegations as to how or why Sano would have known that Barnes would publish false information about [de Somov] on the ['ScammerPam'] blog" that Sano registered for Barnes. Dkt. 115, at 3-4. Yet as de Somov points out, the Court can reasonably infer that Sano knew of the unlawful objective of the "ScammerPam" blog since de Somov

alleged that Sano registered two website domains that redirect users to the "ScammerPam" blog and posted allegedly defamatory content on the blog herself. Dkts. 113, at 23-24; 116, at 18-19; *Conceal City, L.L.C. v. Looper L. Enf't, LLC*, 917 F. Supp. 2d 611, 617 (N.D. Tex. 2013) (stating that plaintiff may satisfy "meeting of minds" element of civil-conspiracy claim through "circumstantial evidence and reasonable inference" that the defendants were "aware of the harm or wrongful conduct at the inception of the combination or agreement" (citations omitted)).

Moreover, de Somov's allegations as to the existence of an agreement between Defendants are sufficient to state a claim for civil conspiracy, as she alleges that Sano registered domain names and posted defamatory content in furtherance of her agreement with Barnes to "defame and disparage" de Somov. Dkt. 113, at 23; *Stewart v. Int'l Ass'n of Machinists & Aerospace Workers*, 16 F. Supp. 3d 783, 796 (S.D. Tex. 2014) (finding that plaintiff had stated claim for civil conspiracy where it alleged that defendants "agreed to undertake an unlawful course of conduct" and provided "specific examples of unlawful acts allegedly taken by" co-conspirator); *see also In re Gothard*, Nos. 12-23-00296-CV & 12-23-00307-CV, 2024 WL 739785, at *3 n.5 (Tex. App.—Tyler Feb. 22, 2024, orig. proceeding) (finding that plaintiffs had stated a claim for civil conspiracy where they alleged that defendants "conspired to sexually abuse females and conceal that abuse" and "state[d] factually how [defendants] did so"). As explained below, de Somov has also adequately alleged an underlying tort in support of her civil-conspiracy claim. *See* Parts III.B-D. Defendants' motion to dismiss de Somov's civil-conspiracy claim should be denied.

6

**B.    Defendants' motion to dismiss de Somov's defamation claim should be denied.**

Defendants next argued that certain facts de Somov pleaded in support of her defamation claim fall outside the one-year statute of limitations, and that de Somov has not plausibly pleaded the negligence element of this claim. Dkt. 115, at 4-6. In response, de Somov contended that her defamation claim is properly based on defamatory publications that occurred within the applicable statute of limitations and includes allegations from which the Court can "plausibly draw the reasonable inference" that "Defendants knew or should have known the 'ScammerPam' moniker falsely accused de Somov of being a scammer." Dkt. 116, at 9-14. In reply, Defendants pressed that the at-issue defamation all occurred outside the one-year statute of limitations period. Dkt. 117, at 4.

"To state a defamation claim under Texas law, a plaintiff must plead facts showing that the defendant '(1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official ..., or negligence, if the plaintiff was a private individual, regarding the truth of the statement.'" *Copeland v. State Farm Ins. Co.*, 657 F. App'x 237, 240 (5th Cir. 2016) (quoting *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998)).

Defamation claims brought under Texas law are generally subject to a one-year statute of limitations. Tex. Civ. Prac. & Rem. Code, §§ 16.002(a), 16.003(a); *Jackson v. W. Telemarketing Corp.*, 245 F. 3d 518, 523 (5th Cir. 2001). Whether the statute of limitations has expired depends on when the claim accrued, which for

defamation claims is usually "when the matter is published or circulated." *Velocity Databank, Inc. v. Shell Offshore, Inc.*, 456 S.W.3d 605, 609 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). The "single publication rule" applies to "information made publicly available on the internet," which holds that a cause of action for defamation accrues "'on the last day of the mass distribution of the printed matter containing the defamatory statement,' which is when 'the publisher of the statement has made the libelous matter available to his intended audience.'" *Glassdoor, Inc. v. Andra Grp., LP*, 575 S.W.3d 523, 528 (Tex. 2019) (quoting *Stephan v. Baylor Med. Ctr. at Garland*, 20 S.W.3d 880, 889 (Tex. App.—Dallas 2000, no pet.)).

The undersigned finds that de Somov's defamation claim is not time-barred. In her amended complaint, de Somov alleged that Defendants continued to publish defamatory content on the "ScammerPam" blog until as recently as November 30, 2025. Dkt. 113, at 19, 23. Under Texas law, "each separate publication of a defamatory statement gives rise to a separate cause of action for defamation." *Carlson v. Trans Union, LLC*, No. CIV. 3:02-CV-2654-H, 2003 WL 21750706, at *2 (N.D. Tex. July 22, 2003) (rejecting defendant's argument that "the first publication matters for purposes of a statute of limitations analysis"). The undersigned declines Defendants' invitation to dismiss certain facts de Somov alleged that may fall outside the statute of limitations, given that her claim is not otherwise time barred. *Perkins v. United Surgical Partners Int'l, Inc.*, No. 23-10375, 2024 WL 1574342, at *5 (5th Cir. Apr. 11, 2024) ("[B]ecause we conclude the allegations concerning the classes of shares offered and recordkeeping costs support a plausible duty of prudence claim, we need not

address whether these other allegations also support a claim for which relief can be granted." (citing Fed. R. Civ. P. 8(d)(2))).

The undersigned also finds that de Somov has sufficiently alleged the negligence element of her defamation claim. To adequately plead the negligence element of her defamation claim, de Somov was required to allege that Defendants "knew or should have known the defamatory statement was false, and the content of the publication would warn a reasonably prudent person of its defamatory potential." *Cisco Sys., Inc. v. Mushkin, Inc.*, No. 3:20-CV-2588-K, 2021 WL 3550515, at *9 (N.D. Tex. Aug. 11, 2021). Here, de Somov alleged that Defendants knew or should have known that the defamatory content shared on the "ScammerPam" blog was false, and that they at least acted with a reckless disregard for the truth; she also alleged facts suggesting the Defendants knew the content was false. Dkt. 113, at 5-6, 21; *see Fisher v. Blue Cross Blue Shield of Tex.*, No. 3:10-CV-2652-L, 2011 WL 3417097, at *4 (N.D. Tex. Aug. 3, 2011) (concluding that allegation that defendant "knew or should have known that the statements they made were false" was sufficient to "raise a reasonable expectation that discovery will reveal evidence that sufficiently supports" a defamation claim); *see also Lawler v. Miratek Corp.*, No. EP-09-CV-252-KC, 2010 WL 2838359, at *4 (W.D. Tex. July 16, 2010) (noting that while "[c]onclusory allegations of elements of a claim are generally insufficient to state a claim … in defamation cases, there is very little that can be practically added on this point, beyond the bare assertion that the statements at issue were false, and that the defendants did or

9

should have known that"). Defendants' motion to dismiss de Somov's defamation claim should be denied.

### C. Defendants' motion to dismiss de Somov's business-disparagement claim should be denied.

Defendants next moved to dismiss de Somov's business-disparagement claim based on the expiration of the applicable statute of limitations, arguing that de Somov may not base her claim on certain conduct that occurred outside the limitations period. Dkt. 115, at 7-8. De Somov responded that this claim is timely because she alleged conduct that occurred within the two-year statute of limitations applicable to this claim. Dkt. 116, at 15-17. In reply, Defendants continue to press for the dismissal of any business-disparagement claim based on certain facts for which the limitations period has expired or for which she has not pleaded any special damages. Dkt. 117, at 4-7, 9-10.[2]

"The elements of a claim for business disparagement are publication by the defendant of the disparaging words, falsity, malice, lack of privilege and special damages." *Johnson v. Hosp. Corp. of Am.*, 95 F.3d 383, 391 (5th Cir. 1996) (citing *Hurlburt v. Gulf Atlantic Life Ins.*, 749 S.W.2d 762, 767 (Tex. 1987)). The default statute of limitations for business disparagement is two years. Tex. Civ. Prac. & Rem. Code § 16.003(a). But where "the gravamen of the complaint is injury to a plaintiff's reputation because of allegedly defamatory statements," the applicable statute of limitations is one year. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724,

---

[2] Defendants did not raise the issue of special damages their motion to dismiss. *See* Dkt. 115. "Arguments raised for the first time in a reply brief are generally waived." *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010).

10

742 (5th Cir. 2019) (citing *Hamad v. Ctr. for Jewish Cmty. Studies*, 265 F. App'x 414, 417 (5th Cir. 2008)). A claim for business disparagement generally accrues "when the allegedly defamatory matter is published or circulated." *Glassdoor*, 575 S.W.3d at 528 (citing *Childs v. Haussecker*, 974 S.W.2d 31, 36–37 (Tex. 1998)).

The undersigned finds that de Somov's business-disparagement claim is not barred by the statute of limitations because she alleged that Defendants engaged in conduct supporting this claim as late as November 2025, when Defendants published defamatory content on the "ScammerPam" blog. Dkt. 113, at 19, 23 (alleging that "Defendants have posted as recently as November 30, 2025, on the ScammerPam Blog"). De Somov also alleged that Barnes began contacting de Somov's employer and co-workers to spread disparaging information "in April 2023 and continuing over the next few months." *Id.* at 13. Even applying the one-year statute of limitations to de Somov's business-disparagement claim, she has alleged conduct in support of her claim that occurred within the limitations period. *De Somov v. Barnes*, No. 3:25-cv-00839-E-BW, Dkt. 3 (N.D. Tex. 2025) (filed on April 4, 2025); Dkt. 1 (filed on May 12, 2025).[3]

---

[3] De Somov first filed this lawsuit in the Northern District of Texas, where it was dismissed for improper venue. *See De Somov v. Barnes*, No. 3:25-cv-00839-E-BW, Dkt. 13 (N.D. Tex. 2025). She filed this lawsuit within sixty days of that dismissal. Dkt. 1. Under section 16.064(a) of the Texas Civil Practice and Remedies Code, when "a party ... file[s] suit in a different court and that first-filed suit [is] dismissed for lack of jurisdiction, the statute of limitations may be tolled if the party re-files the suit in a court of proper jurisdiction within sixty days after the dismissal." Tex. Civ. Prac. & Rem. Code § 16.064(a); *Lewallen v. Cross*, No. 03-14-0026-CV, 2014 WL 4365081, at *4 (Tex. App.—Austin Aug. 27, 2014, no pet.) (noting "[s]tatutory tolling [of statute of limitations] is available under section 16.064").

Having found that de Somov's complaint included allegations of conduct that occurred within the statute of limitations applicable to her business-disparagement claim, the undersigned once again rejects Defendants' request to dismiss certain alleged facts that fall outside the limitations period. *See Perkins*, 2024 WL 1574342, at \*5; *cf. Roberts v. Ochoa*, No. SA-14-CA-0080-XR, 2014 WL 4187180, at \*14 (W.D. Tex. Aug. 21, 2014) (dismissing claim where "[n]o facts are alleged within the limitations period to support this claim"). Defendants' motion to dismiss de Somov's business-disparagement claim should be denied.

**D.     Defendants' motion to dismiss de Somov's tortious-interference claim against Barnes should be denied.**

Defendants moved to dismiss de Somov's tortious-interference claim, arguing that the claim is barred by the applicable statute of limitations to the extent that it is based on conduct that occurred outside the limitations period and that de Somov failed to plead sufficient facts showing that her employment contract was subject to interference (since she was an at-will employee) or that Barnes's conduct was the cause of de Somov's termination from her job. Dkt. 115, at 8-11. De Somov responds that the conduct forming the basis of her tortious-interference claim occurred within the limitations period, and that she plausibly alleged that Barnes interfered with her employment contract and that she was terminated from her employment as a result. Dkt. 116, at 21-22. In reply, Defendants press that de Somov failed to adequately plead the causation element of her claim. Dkt. 117, at 8.

A claim for tortious interference with an existing contractual relationship requires plaintiff to plead that: (1) a contract existed that was subject to alleged

12

interference; (2) the defendant willfully and intentionally interfered with said contract; (3) which is the proximate cause of plaintiff's damages; and (4) actual damage or loss resulted. *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 210 (Tex. 1996). "To establish proximate cause, a party must show that the defendant took an active part in persuading a party to a contract to breach it." *Ancor Holdings, LP v. Landon Cap. Partners, LLC*, 114 F.4th 382, 400 (5th Cir. 2024) (citing *Amigo Broad., LP v. Spanish Broad. Sys., Inc.*, 521 F.3d 472, 493 (5th Cir. 2008)). Under Texas law, the statute of limitations for a claim for tortious interference with an existing contract is two years. Tex. Civ. Prac. & Rem. Code § 16.003(a).

Here, de Somov alleged that in April 2023 and for several months afterward, Barnes contacted de Somov's supervisor "to disparage de Somov" and wrote a public review of de Somov's company in which Barnes accused de Somov of criminal conduct. Dkt. 113, at 24. De Somov further alleges that "[a]s a direct and proximate result of Barnes' 'emotional and professional interference' with de Somov's employment contract, which caused her employer to have concerns about whether she could safely and successfully continue to perform her job, Edge Home Finance terminated de Somov's employment." Dkt. 113, at 26. Given that de Somov has alleged conduct occurring within the two-year statute of limitations period in support of her tortious-interference claim, the undersigned once again declines to parse through which facts she may properly rely on to ultimately establish her claim. *See Perkins*, 2024 WL 1574342, at *5.

Additionally, the undersigned finds that de Somov otherwise adequately stated her claim. Contrary to Defendants' suggestion that at-will employment contracts may not be the subject to a tortious-interference claim, "Texas courts have long considered an employment-at-will relationship to be a contract for purposes of a tortious interference claim." *Leach v. Baylor Coll. of Med.*, No. CIV.A. H-07-0921, 2009 WL 385450, at \*34 (S.D. Tex. Feb. 17, 2009) (citing *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 689 (Tex. 1989)); *Sterner*, 767 S.W.2d at 689 ("[T]he terminable-at-will status of a contract is no defense to an action for tortious interference with its performance.").[4] The undersigned thus rejects Defendants' argument that de Somov's employment contract could not be subject to interference because she was an at-will employee.

Moreover, de Somov has sufficiently alleged that Barnes's conduct caused her to lose her job by alleging facts, which if true, raise the plausible inference of a causal connection between Barnes's conduct and de Somov's termination. Dkt. 113, at 12-17

---

[4] Defendants cite *El Paso Healthcare Sys., Ltd. v. Murphy*, 518 S.W.3d 412, 421 (Tex. 2017), as suggesting that at-will employment contracts cannot be subject to interference, yet there the Texas Supreme Court merely pointed out that prior cases finding at-will employment contracts to be the proper subject of tortious-interference claims involved claims for tortious interference with a prospective contract, rather than an existing one. Dkt. 115, at 9; *El Paso*, 518 S.W.3d at 421 n.6. Defendants fail to grapple with the body of law finding that at-will employment contracts are subject to claims for tortious interference with an existing contract. *See Crouch v. Trinque*, 262 S.W.3d 417, 426 (Tex. App.—Eastland, 2008, no pet.) (concluding that a state university employee's lack of an employment contract was not fatal to her tortious interference claim because an at-will employee may recover for tortious interference with a contract of employment terminable at will); *Armijo v. Mazda Int'l*, 2004 WL 1175335, at \*3 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (rejecting the defendant's argument that the plaintiff's tortious interference claim failed because there was no employment contract between plaintiff and employer); *Albertson's Inc. v. Hufnagle*, 2002 WL 1964236, at \*4 n.1 (Tex. App.—Dallas 2002, no pet.) ("It is well settled that a cause of action exists for tortious interference with an employment relationship terminable at will.").

14

(alleging that de Somov's supervisor "admitted that because of Barnes' harassment, he developed 'serious concerns about whether Ms. De Somov could safely and successfully continue her role in light of the emotional and professional interference caused by these messages.'"); 24-26; *In re Burzynski*, 989 F.2d 733, 739 (5th Cir. 1993) (finding proximate cause sufficiently pleaded in a tortious-interference case where plaintiff alleged that by sending a letter to insurers  intended to cause damage to [plaintiff] by halting reimbursements from other insurers" defendants "'proximately caused financial injury' of $5,000,000"). While the year-long gap between Barnes's conduct and de Somov's termination may ultimately be too long to support the causation element, the resolution of such a question is inappropriate at the motion-to-dismiss phase without further factual development. *See W. Rsrv. Medtec Servs., LLC v. Stryker Corp.*, No. 4:18-CV-2604, 2019 WL 13191641, at \*3 (S.D. Tex. May 13, 2019) (declining to dismiss tortious-interference claim where interference occurred in 2012, but contract was not terminated until 2016). Defendants' motion to dismiss de Somov's tortious-interference claim against Barnes should be denied.

### E.     Defendants' motion to dismiss de Somov's request for a permanent injunction should be denied.

Defendants finally requested that the Court dismiss de Somov's request for a permanent injunction because it "would impose a prospective content-based restriction on Defendants' free speech." Dkt. 115, at 11-12. De Somov counters that adjudication of the scope of de Somov's requested permanent injunction is premature given that it is a remedy, not a cause of action, and therefore courts "decline to adjudicate the contours of injunctive relief at the motion-to-dismiss stage." Dkt. 116,

15

at 23-24 (citing *SEC v. Guardian Oil & Gas, Inc.*, No. 3:14-1533-BN, 2014 WL 7330451, at \*8 (N.D. Tex. Dec. 23, 2014)). In reply, Defendants insist that "the requested permanent injunction would still be unavailable and a violation of the Texas Constitution" even if considered at a later time in this litigation, and that de Somov has not asserted a sufficient factual basis for such a remedy. Dkt. 117, at 10.

An essential element of a permanent injunction is actual success on the merits of an underlying cause of action. *GE Cap. Com., Inc. v. Wright & Wright, Inc.*, No. 09-cv-572, 2009 WL 5173954, at \*9 (N.D. Tex. Dec. 31, 2009) (citing *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987)). Thus, courts have denied as premature defendants' motion-to-dismiss-stage requests to preclude plaintiffs from obtaining the ultimate remedy of a permanent injunction. *See, e.g.*, *id.*; *see also Green Valley Special Util. Dist. v. Walker*, 324 F.R.D. 176, 182 (W.D. Tex. 2018) ("The Court finds consideration of the merits of [plaintiff]'s request for injunctive relief to be premature at the motion to dismiss stage."). Defendants cited no cases holding the contrary, and do not identify how de Somov's request otherwise lacks a factual basis. Dkts. 115, at 10; 117, at 10. Therefore, the undersigned recommends that the District Judge reject Defendants' argument that de Somov's request for permanent injunctive relief be dismissed at this time.

## IV.    RECOMMENDATIONS

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **DENY** Defendants' motion to dismiss, Dkt. 115.

16

## V.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED May 11, 2026

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

17